George A. Brenner, S.
In this nncontested probate proceeding, the evidence adduced at the hearing established that the instruments propounded as the last will of decedent were executed in triplicate. Although such instruments contain a common form of attestation clause, the testimony established that the manner of execution did not comply in all respects with the recitals of such attestation clause in that the decedent did not sign in the presence of any of the subscribing witnesses and none of the subscribing witnesses signed in the physical presence of any other.
Execution occurred in the residence of decedent where she also maintained an office for the practice of her profession as a physician. The signing by the first witness occurred in the kitchen of decedent’s residence, within the hearing of the second witness, who was then in the portion of the residence used as an office. *209 The signature by the second witness was affixed in the room used as an office and occurred within a few minutes after the signature by the first witness.
The evidence established that although the decedent did not subscribe her signature in the presence of either witness, she did acknowledge her signature to each of such witnesses, stating that the instrument was her will and requesting each of them to act as a subscribing witness. In each instance all three copies of the propounded instrument were signed by each of such witnesses.
Although the practice of executing more than one copy of a will has been criticized, if both or all of the copies of an instrument executed in multiplícate are produced, such instrument, if properly executed, may be admitted to probate as the will of decedent. (Crossman v. Crossman, 95 N. Y. 145.) It is the failure to produce less than both or all of such executed copies which would require a denial of probate in the absence of adequate explanation of the nonproduction of all executed copies. (Matter of Sheldon, 158 App. Div. 843.) The provisions of section 21 of the Decedent Estate Law do not require that the subscribing witnesses sign in the presence of each other. Accordingly, it has been held that the failure of both or all of the subscribing witnesses to sign in the presence of each other will not require a denial of probate, at least where the signatures of such witnesses are affixed about the same time or are so related in point of time as to be a succession of acts. (Herrick v. Snyder, 27 Misc. 462.)
It appearing that the propounded instruments were executed in compliance with the provisions of section 21 of the Decedent Estate Law, and the court being satisfied that at the time of execution the decedent was of sound mind and free from restraint, and it further appearing that all executed copies of the instruments propounded as the will of decedent have been produced, the ribbon copy will be admitted to probate as the last will and testament of decedent.
Submit decree.